UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWNA O'SHAUGHNESSY, *et al.*,

Plaintiffs,

v.

ALBERTSON'S LLC,

Defendant.

CASE NO. 3:25-cv-06170-GJL

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT

This matter is before the Court on Defendant Albertson's LLC's Motion for Leave to Amend Pleadings to Assert a Third-Party Complaint.[1] Dkt. 15. Plaintiffs Shawna O'Shaughnessy and Sean O'Shaughnessy (collectively, "Plaintiffs") did not respond to Defendant's Motion, and the deadline to respond has elapsed. *See* docket; LCR 7(d)(3). Accordingly, the Court finds the Motion ripe for consideration.

Based on Defendant's Motion (Dkt. 15) and the balance of the record, the Court **GRANTS** Defendant Albertson's LLC's Motion for Leave to Amend Pleadings to Assert a

---

[1] The Parties have consented to proceed before a Magistrate Judge. Dkt. 6.

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 1

Third-Party Complaint. Defendant may file and serve the Third-Party Complaint as set forth in the conclusion below.

## I.  FACTUAL BACKGROUND

Plaintiff Shawna O'Shaughnessy alleges that on or about December 21, 2022, she "slipped and fell on a storm drain that had accumulated a thick layer of ice" outside of Defendant's store in Gig Harbor, Washington. Dkt. 1-1 at 7; Dkt. 15 at 2. At the time of the incident, Defendant had a Service Agreement for Snow Removal and Ice Management ("Agreement") with Action Services Corporation ("Action Services"). Dkt. 15 at 2; Dkt 16-2. Under the Agreement, Action Services' "Scope of Work" was defined as managing "de-icing" and "lot plowing" of the "[p]arking lot, roadways, [and] parking areas." Dkt. 15 at 2; Dkt. 16-2 at 8. Action Services further agreed to "stake [all drains] prior to Dec. 1" and check "periodically to ensure they are visible and functional." Dkt. 15 at 2; Dkt. 16-2 at 8. The Agreement also included indemnification terms as follows:

> [Action Services] agrees to indemnify, defend, and hold [Defendant], its affiliates, directors, associates, agents and representatives harmless from and against any and all loss, damage, claims, liabilities and expenses (including, without limitation, costs and expenses for investigation and litigation and reasonable attorneys' fees) (collectively "Claims") in any way arising from or connected with [Action Services]'s or any permitted agents and/or subcontractors performance under this Agreement, except to the extent such Claims are due to [Defendant]'s sole negligence or willful misconduct.

Dkt. 16-2 at 3.

## II.  PROCEDURAL BACKGROUND

Plaintiffs filed suit in Pierce County Superior Court in November 2025, asserting a negligence claim against Defendant regarding maintenance of the premises. Dkt. 15 at 2. On December 29, 2025, Defendant removed the case to this Court and, on January 15, 2026, filed an Answer, which included an affirmative defense that "[t]he acts and conduct alleged herein may

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 2

be an act of a non-party at fault" and "Plaintiffs' claimed injuries and damages were due to actions of third parties beyond the control of [Defendant.]" *Id.*; Dkt. 9 at 4–5. Sometime before March 25, 2026, Defendant tendered defense and indemnity to Action Services and its insurer. Dkt. 15 at 3; Dkt. 16-3. The tender was denied. *Id.* Defendant filed its Motion for Leave to Assert a Third-Party Complaint on May 7, 2026. Dkt. 15. Plaintiffs did not respond. *See* docket. The current Scheduling Order requires joinder of all parties on or before November 2, 2026. Dkt. 12.

The proposed Third-Party Complaint (Dkt. 16-1) contains breach of contract and contribution claims against Action Services. *Id.* at 4–6. Defendant alleges Action Services breached the Agreement by failing to maintain the premises and by failing to indemnify and defend Defendant. *Id.*

### III.    DISCUSSION

Under Federal Rule of Civil Procedure 14(a), a defendant may file a third-party complaint to implead a nonparty who may be liable to the defendant for all or part of the claim against it. Fed. R. Civ. P. 14. "The purpose of [Rule 14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "Rule 14 is construed liberally in favor of permitting impleader[.]" *Jorgensen Forge Corp. v. Associated Indem. Corp.*, No. C14-1524-JCC, 2015 WL 12030118, at *1 (W.D. Wash. Apr. 21, 2015).

However, the defendant must file any third-party complaint within fourteen days of serving its answer to the original complaint. Fed. R. Civ. P. 14. After the fourteen days have

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 3

passed, the defendant must obtain the Court's leave to file a third-party complaint. *Id.* ("[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.").

"The decision to allow a third-party defendant to be impleaded under [R]ule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "In making this determination, a court may consider four factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Navigators Mgmt. Co., Inc. v. Expeditors Int'l of Washington, Inc.*, No. C21-1598-JCC, 2022 WL 656208, at *1 (W.D. Wash. Mar. 4, 2022) (citing *Stephens v. Comenity*, LLC, 287 F. Supp. 3d 1091, 1095 (D. Nev. 2017)).

While Defendant did not file the proposed Third-Party Complaint within the fourteen-day timeframe prescribed by Rule 14(a), the Court finds good reason to grant Defendant leave to file.

First, Plaintiffs have not opposed Defendant's Motion. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

Second, Defendant's claims against Action Services are factually related to Plaintiffs' claims and unlikely to complicate the issues at trial. *Navigators Mgmt. Co., Inc. v. Expeditors Int'l of Washington, Inc.*, No. C21-1598-JCC, 2022 WL 656208, at *1 (W.D. Wash. Mar. 4, 2022) (granting motion for leave to file third-party complaint alleging third-party defendant was contractually obligated to indemnify defendant because plaintiff did not oppose the motion, the third-party claims were factually related to plaintiff's claims and unlikely to complicate the issues at trial, and the trial date had not yet been set).

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 4

Third, the case is in its early stages as evidenced by the November deadline to join all parties, which is still four months away. Dkt. 12.

Fourth, the Court finds no undue delay, bad faith or dilatory motive on the part of the Defendant. Rather, Defendant identified the potential involvement of a third-party in its Answer and affirmative defenses, attempted to tender indemnification and defense to Action Services upon commencement of litigation, and filed this Motion shortly after Action Services denied that tender. Dkt. 9 at 4–5; Dkt. 15 at 2–3; Dkt. 16-3.

Fifth, the Court finds Defendant has shown that Action Services' liability "is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *see Dykes v. BNSF Ry. Co.*, No. C17-1549-JCC, 2018 WL 4734235, at *2 (W.D. Wash. Oct. 2, 2018) (finding the same where the defendant directed the Court to a contract between it and the third-party which purportedly made the third-party liable to indemnify the defendant).

Accordingly, the Court finds Defendant's Motion should be granted.[2]

### IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Leave to Amend Pleadings to Assert a Third-Party Complaint. Dkts. 15, 16. Defendant must file and serve

//

//

//

---

[2] The Court finds the Third-Party Complaint against Action Services is permissible at this juncture because it alleges breach of an indemnification contract and contribution, and the Court may exercise supplemental jurisdiction over such claims. 28 U.S.C. § 1367(a); *see Martin v. Walmart Supercenter Store #2074*, No. 3:22-CV-00153-SLG, 2023 WL 7919957, at *2 n. 24 (D. Alaska Nov. 16, 2023) (finding same). Other than this jurisdictional finding and granting the Defendant's Motion for Leave, this Order does not reach any other aspect of the proposed Third-Party Complaint.

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 5

the Third-Party Complaint on all Parties, including Action Services Corporation, within fourteen days of the filing of this Order.

Dated this 26th day of June, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING DEFENDANT ALBERTSON'S LLC'S MOTION FOR LEAVE TO AMEND PLEADINGS TO ASSERT A THIRD-PARTY COMPLAINT - 6